**CASE NUMBER**

13-15-00445-CR

smata

**CASE NUMBER**

13-15-00446-CR

smata

ACCEPTED
13-15-00045-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/17/2015 4:02:01 PM
Dorian E. Ramirez
CLERK

CAUSES 13-15-00045-CR & 13-15-00046-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/17/2015 4:02:01 PM
DORIAN E. RAMIREZ
Clerk

HILBERTO MARTINEZ, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

APPELLANT'S BRIEF

Trial Causes 15-1-9390 & 15-1-9391

Jackson County District Court

Submitted by

W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659

ORAL ARGUMENT **NOT** REQUESTED

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant was represented at trial by J. E. "Zeke" Ramos, Attorney at Law, POB 271931, Corpus Christi, Texas 78427. Appellant is represented on appeal by Bill White, Attorney at Law, POB 7422, Victoria, TX 77903. During trial, appellant was a resident of Jackson County, Texas. Appellant is currently incarcerated in IDTDCJ.

The State was represented at trial by Robert Bell, D.A. and Pam Guenther, A.D.A., both of the Jackson County District Attorney's Office, located at 115 W. Main Street, 2nd Flr, Edna, TX 77957. The State's reply brief will be handled by Jim Vollers, 2201 Westover Road, Austin, TX 78703.

TABLE OF CONTENTS

Page

Index of Authorities                                    4

Appellant's Brief                                       5

Statement of the Case and Statement of Facts            5

Issue Presented                                         8

*THE TRIAL COURT ERRED BY FAILING TO PROPERLY ADDRESS APPELLANT'S REQUEST FOR SELF-REPRESENTATION*

Summary of Argument                                     9

Argument                                                9

Prayer                                                  13

Certificate of Service                                  14

Certificate of Compliance                               14

INDEX OF AUTHORITIES

*Cases*                                                          *Page*

*Adams v. United States,* 317 U.S. 269 (1942)            10,11

*Collier v. State,* 959 S.W.2d 621(Tex.Crim.App.1997) 9,10

*Faretta v. California,* 422 U.S. 806 (1975)            10,11

*Ford v. State,* 73 S.W.3d 923 (Tex.Crim.App.2002)       11

*Miles v. State,* 204 S.W.2d 822 (Tex.Crim.App.2006)     11

*Williams v. State,* 252 S.W.3d 353(Tex.Crim.App.2008)
                                                        10,11

4

HILBERTO MARTINEZ, Appellant     IN THE THIRTEENTH

VS.     COURT OF APPEALS AT

THE STATE OF TEXAS, Appellee     CORPUS CHRISTI, TEXAS

## APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, HILBERTO MARTINEZ, through counsel, W. A. (BILL) WHITE, Attorney at Law, showing:

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

Appellant was charged in January 2015 by two indictments, each for burglary of a habitation. One indictment alleged an offense on 11/23/14 and the other an offense on 12/01/14. Both indictments alleged Cody Parker as the victim. Each alleged two previous felony convictions, both pleas being entered on the same date, making the alleged offenses, normally second degree felonies, into first degree felonies with punishment

ranges of 5 to 99 years or life in prison and up to a $10,000 fine.

Jury selection began on 8/24/15, with trial on the merits immediately following. After the jury had been selected and merits began, appellant and his attorney raised the issue of appellant representing himself at trial, well into the guilt phase. Appellant vacillated between just cross-examining some witnesses himself and representing himself alone, without legal counsel.(RR Vol. 4, p. 150, lines 7-11)

The State's prosecutor quickly and correctly argued that appellant had no right to hybrid representation, where appellant and his lawyer work together as co-counsel at trial.(RR Vol. 4, p. 150, lines 12-14)

The trial judge then changed the subject to another issue that the parties had been arguing about, not related to any issue of self-representation.(RR Vol. 4, p. 150, line 15 through p. 151, line 16). Appellant's trial counsel then redirected the conversation back to his client's desire for self-representation, adding

6

however that, at this late point in the trial, it might be "too late to do that".(RR Vol. 4, p. 151, lines 17-20)

The trial judge immediately agreed, stating, "I think it's too late to do that, yes, we're in the middle of a jury trial."(RR Vol. 4, p. 151, lines 21-22).  Appellant then drifted back to a desire for hybrid representation, although not by name.(RR Vol. 4, p. 151, line 23 through p. 152, line 2)

Appellant then referenced a motion to withdraw overruled at a pretrial hearing during the previous week, reminding the court that he had stated at same that he was "willing to --- and ready to testify myself and to represent myself".(RR Vol. 4, p. 152, lines 3-7).  Appellant went on to refer to this motion to withdraw as "my motion", indicating that it may have been a *pro se* motion filed by him to remove his trial counsel.  Appellant explained that his lawyer wanted more time to prepare for trial in light of "evidence that Mr. Bell had just gave him" (possibly discovery),

but that he as the accused wanted no more delays in reaching trial.(RR Vol. 4, p. 152, lines 8-21)

The trial judge then referenced his earlier denial of the motion to withdraw during the previous week and said, "So we'll just need to move forward."(RR Vol. 4, p. 152, lines 22-23). Appellant then asked again for hybrid representation, but was told this would not be allowed by the trial judge.(RR Vol. 4, p. 152, line 24 through p. 153, line 2)

Appellant was convicted as charged on 8/27/15 in both indictments. At the punishment phase, appellant pled true to both enhancements. After evidence was presented, the jury assessed punishment in each cause on 8/27/15 at 99 years in prison, plus fines of $10,000. The sentences ran concurrently.

## ISSUE PRESENTED

THE TRIAL COURT ERRED BY FAILING TO PROPERLY ADDRESS APPELLANT'S REQUEST FOR SELF-REPRESENTATION

## SUMMARY OF ARGUMENT

Appellant, after trial began, asserted his constitutional right of self-representation to the trial judge. This assertion was not addressed by the trial court as required by law. As a result, appellant was denied his right to self-representation. The trial court did not properly admonish appellant on the dangers and disadvantages of self-representation to allow him to further make a knowing and intelligent decision as to this federal constitutional right.

## ARGUMENT

The decision to waive counsel, to be constitutionally effective, must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. The decision to … proceed *pro se* is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of

self-representation. *Collier v. State,* 959 S.W.2d 621, 625-626 (Tex.Crim.App. 1997).

The Constitution does not force a lawyer upon a defendant. *Adams v. United States,* 317 U.S. 269, 279 (1942). The Sixth Amendment right to counsel implies also a "correlative right to dispense with a lawyer's help." *Id.* The right of self-representation finds support in the structure of the Sixth Amendment, as well as the English and colonial jurisprudence from which the Amendment emerged. *Faretta v. California,* 422 U.S. 806, 818 (1975).

Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams* at 279. Once the issue of self-representation is raised, a trial judge has an absolute duty to determine whether any waiver of

the right is knowing, intelligent, and voluntary. *Williams v. State,* 252 S.W.3d 353, 356 (Tex.Crim.App. 2008). Once asserted, the trial court must conduct a *Faretta* hearing and admonish the defendant to "the dangers and disadvantages of self-representation", so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta* at 835 [quoting *Adams v. United States,* 317 U.S. 269, 279 (1942)].

Texas jurisprudence holds that constitutional errors are only immune to harmless error analysis if classified as structural defects by the United States Supreme Court. *Ford v. State,* 73 S.W.3d 923, 925 n. 4 (Tex.Crim.App. 2002). The Court of Criminal Appeals has recognized that violations of a defendant's right to self-representation are immune from harmless error because of their classification as structural defects. *See Miles v. State,* 204 S.W.2d 822, 827 (Tex.Crim.App. 2006).

The State in the case at bar cannot credibly argue that appellant asked during his guilt phase to defend himself to foster delay or slow the proceedings against him because, as noted earlier, he asked to have his hired counsel removed only a week before because he wanted no more delays.  Only his trial lawyer wanted more time.  The State cannot ask this Honorable Court to assume that appellant wanted to represent himself in order to generate courtroom antics which might derail his trial, without evidence in the record of same. When appellant was refused his request to represent himself or question some witnesses personally, he answered the judge with, "All right" and behaved thereafter.(RR Vol. 4, p. 153)

The trial judge in this cause should have taken the time to review with appellant the inherent dangers and disadvantages of self-representation, then asked appellant if he still wished to defend himself without legal counsel.  This would have also served to clarify appellant's confusion on the difference between self-

representation and hybrid representation. However, after first trying to ignore the subject and move to another issue, the trial court merely repeated its stale ruling from one week prior and stated, "So we'll just need to move forward."(RR Vol. 4, p. 152)

The trial judge should have inquired further, outside the jury's presence, whether conflicts of any kind had arisen between appellant and his trial counsel which might have affected counsel's exercise of a vigorous defense or his effectiveness as counsel in general.

PRAYER

Appellant prays that these convictions be reversed.

Respectfully submitted,

*/s/ W. A. White*
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659

## CERTIFICATE OF SERVICE

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Robert Bell, Jackson County District Attorney's Office, 115 W. Main St., 2nd Flr, Edna, TX 77957 via U.S. mail, fax, electronic delivery, or hand-delivery on this the 17th day of November 2015.

*/s/ W. A. White*
W. A. White


## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,665 words.

*/s/ W. A. White*
W. A. White